J. Richard Barnes, C.L.U. Commissioner of Insurance Division of Insurance 201 E. Colfax Avenue Denver, Colorado 80203
Dear Commissioner Barnes:
I am writing in response to your request for a formal legal opinion on the question of whether C.R.S. 1973, 10-8-116 requires an insurer to issue a converted policy including pregnancy benefits, if the group insurance policy included pregnancy benefits as a major medical benefit.
QUESTION PRESENTED AND CONCLUSION
The question you have raised in your May 2, 1983 memo reads as follows:
If pregnancy is covered as a major medical benefit under a master group health insurance policy issued in the State of Colorado, does C.R.S. 1973, 10-8-116(3) (Supp. 1982) mandate that pregnancy similarly be included as a covered major medical condition in a converted policy?
 Under C.R.S. 1973, 10-8-116(4)(b) (Supp. 1982) if the master group policy includes pregnancy within the major medical coverage, the converted policy would be required to include pregnancy as a major medical benefit. The extent to which the converted policy will cover expenses for a given pregnancy is set forth in C.R.S. 1973, 10-8-116(4)(b), (I), (A), (B) and (C) (Supp. 1982).
ANALYSIS
C.R.S. 1973, 10-8-116 sets forth a number of requirements, including required policy provisions, which pertain to group sickness and accident insurance policies. Under C.R.S. 1973,10-8-101(3) group sickness and accident insurance is defined to be:
 (3) "Policy of sickness and accident insurance" means any policy or contract of insurance against loss or expense resulting from the sickness of the insured, or from the bodily injury or death of the insured by accident, or both.
C.R.S. 1973, 10-8-116(1) (Supp. 1982) defines the circumstances under which group sickness and accident insurance may be written. Section 10-8-116(2)(a) (Supp. 1982) states that no group sickness and accident insurance policy "shall be delivered or issued for delivery in this state" unless it contains in substance certain provisions or provisions which in the opinion of the insurance commissioner are at least as favorable to the insured or to the policyholder. C.R.S. 1973, 10-8-116(2)(b)(V) (Supp. 1982) sets forth a requirement that group sickness and accident insurance policies must contain a conversion privilege provision. Generally speaking a conversion privilege is a right granted to an insured under a group insurance policy pursuant to which he is entitled, upon his termination from the group, to the issuance of an individual insurance policy. Provisions in group insurance policies allowing conversion privileges have been recognized by the courts for some time and have been required by C.R.S. 1973, 10-8-116 since 1975. (See 68 A.L.R.2d 114.)
C.R.S. 1973, 10-8-116(3)(a) (Supp. 1982) describes those persons to whom a conversion privilege must be extended and reads in part as follows:
 (3) (a) A group policy delivered or issued for delivery in this state which provides hospital, surgical, or major medical expense insurance or any combination of these coverages on an expense-incurred basis, but not including a policy which provides benefits for specific diseases or for accidental injuries only, shall provide that an employee or member whose insurance under the group policy has been terminated for any reason other than discontinuance of the group policy in its entirety or with respect to an insured class or failure of the employee or member to pay any required contribution and who has been continuously insured under the group policy (and under any group policy providing similar benefits which it replaces) for at least three months immediately prior to termination is entitled to have issued to him by the insurer a policy of sickness and accident insurance, referred to in this subsection (3) as the "converted policy", subject to the following conditions:
. . . .
The conditions which must be met prior to the issuance of the converted policy include, among other things, a written application, and payment of premium by the insured.
C.R.S. 1973, 10-8-116(4) (Supp. 1982) sets forth the coverage which the converted policy described in section 10-8-116(3) must contain. Section 10-8-116(4)(a) (Supp. 1982) states that if the group insurance policy provided "hospital, surgical, or hospital and surgical insurance" the converted policy must also provide such coverage, on an expense-incurred basis, equal to the lesser of the coverage provided under the group policy and certain minimum coverages for hospital and surgical benefits to be determined by the insurance commissioner.
C.R.S. 1973, 10-8-116(4)(b) (Supp. 1982) addresses the issue of group insurance policies which provide major medical coverage. This provision reads as follows:
 (b) (I) If the group policy provided major medical insurance, the converted policy shall provide on an expense-incurred basis, at the option of the insurer, either major medical insurance only or a combination of the insurance described in subparagraph (I) of paragraph (a) of this subsection (4) for which he is eligible and major medical insurance. The converted policy shall provide:
(A) . . . .
(B) . . . .
(C) . . . .
This provision states that if the group policy provided major medical coverage, the converted policy must also provide major medical coverage. Subparagraphs (A), (B) and (C) of this subsection require, among other things, a maximum lifetime benefit equal to $25,000, with an annual restoration requirement, a coinsurance provision of not more than 25 percent and a specified deductible. Because this statute mandates that the converted policy will provide major medical coverage if the group policy provided major medical coverage, it follows that if pregnancy was included in the major medical coverage of the group policy it must also be included in the converted policy.[1]
C.R.S. 1973, 10-8-116(4)(c) (Supp. 1982) states that the converted policy may contain "any exclusion, reduction or limitation customarily used in individual health policies delivered or issued for delivery in this state." Even if individual health policies were customarily delivered or issued for delivery in this state without pregnancy coverage, the federal and state civil rights laws would not permit the issuance of an employment related converted policy without pregnancy coverage.[2]
Title VII of the Civil Rights Act of 1964 prohibits among other things, employment discrimination based on sex. 42 U.S.C. § 2000e(k) of the Civil Rights Act is referred to as the Pregnancy Discrimination Act. This statute includes discrimination which is "because of or on the basis of pregnancy, child birth or related medical conditions" within the definition of sex discrimination. Under this law all "women affected by pregnancy, child birth or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work." The Civil Rights Act of 1964 applies to all employers with 15 or more employees who are engaged in interstate commerce. Therefore, all employers covered by this law must provide coverage for pregnancy both in the group policy and, since it is employment related, the converted policy if they provide any sickness and accident insurance to their employees.
Any Colorado employers not covered by the federal civil rights law (i.e., those employing fewer than 15 persons) would be covered by the regulations enacted by the Colorado Civil Rights Commission. Civil Rights Commission rule 80.8(b),3 C.C.R. 708-1 states that "disability caused or contributed to by pregnancy" must be treated the same as any other temporary disability under any employee health plan. Under this regulation, a pregnancy is "for all job related purposes" a disability and an employee benefit plan which provides health benefits upon an employee's inability to work must provide the benefits to an employee who is unable to work due to pregnancy. Therefore all employers covered by the law must, if they provide any sickness and accident insurance to their employees, provide pregnancy coverage in the group policy and also, because it is job related, in the converted policy.
SUMMARY
In conclusion it is my opinion that if the major medical coverage of the group sickness and accident insurance policy provides coverage for pregnancy, the major medical benefits in the converted policy must also provide coverage for pregnancy.
Very truly yours,
 DUANE WOODARD Attorney General
INSURANCE CIVIL RIGHTS
C.R.S. 1973, 10-8-116
REGULATORY AGENCIES, DEPT. Insurance, Div. of
10-8-116(3), (4) (Supp. 1982) require group health insurance policies to have a conversion privilege requiring the insurer to issue under certain conditions an individual insurance policy when a person terminates from the group. If the group major medical covered pregnancy, the converted policy must also provide major medical pregnancy coverage.
[1] Although pregnancy if covered under the group policy must be covered under the converted policy, under 10-8-116(4)(a)(I), (A), (B) and (C) (Supp. 1982) the extent to which the expenses of the pregnancy would be reimbursed under the converted policy may differ from the group policy.
[2] Because the vast majority of group sickness and accident policies will be issued as part of employee benefit plans, the discussion which follows concerns the state and federal civil rights laws pertaining to employment. See 42 U.S.C. § 2000e-2(a) and C.R.S. 1973, 24-34-401 et seq. Also seeNewport News Shipbuilding v. Equal EmploymentOpportunity Commission, 51 U.S.L.W. 4837 (June 20, 1983) in which the supreme court ruled illegal an employee health plan which denied pregnancy benefits to spouses of male employees, while providing general benefits to all other dependents.